```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
PIERRE CADET, *pro se*,                  :
                                         :          **SUMMARY ORDER**
                    Plaintiff,           :
                                         :          10-CV-2523 (DLI)(LB)
            -against-                    :
                                         :
P. CADET,                                :
                                         :
                    Defendant.           :
----------------------------------------------------------x
```

DORA L. IRIZARRY, United States District Judge:

Plaintiff, a resident of Canada, filed this *pro se* action on May 24, 2010. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). However, issuance of a summons and service of the complaint are held in abeyance because, for the reasons discussed below, plaintiff is granted thirty (30) days from the date of this Order, *i.e.*, by November 4, 2010, to file an amended complaint. For the convenience of plaintiff, and in light of his *pro se* status, instructions on how to amend a complaint are attached to this Order.

In reviewing plaintiff's complaint, the court is mindful that *pro se* submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted). However, a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Plaintiffs must provide facts sufficient to allow each defendant to have a fair understanding of what the complaint is about, and to know whether there is a legal basis for

1

recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (citations and internal quotation marks omitted).

Here, defendant will be unable to have a fair understanding of what plaintiff's claims are in the complaint's present form. As an initial matter, it is not even clear from the face of the complaint who the action is brought against, and large portions of the complaint are illegible. Furthermore, where the complaint form asks plaintiff to state his claim and desired remedy, he fails to provide a response.

Accordingly, in light of this court's duty to liberally construe *pro se* complaints, plaintiff is granted thirty (30) days from the date of this Order, *i.e.*, by November 4, 2010, to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, plaintiff is directed to name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint. In addition, he must set forth the factual allegations to support his claim against each named defendant and the dates and locations of all relevant events. Plaintiff is advised that any amended complaint he files will completely replace the original complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. For the convenience of plaintiff, and in light of his *pro se* status, instructions on how to amend a complaint are attached to this Order.

If plaintiff fails to amend his complaint by November 4, 2010, as directed by this Order, and/or the amended complaint fails to correct the deficiencies of the instant complaint or otherwise fails to satisfy pleading or jurisdictional requirements, the complaint will be dismissed with prejudice. The issuance of a summons and service of the instant complaint are held in

abeyance pending the filing of an amended complaint. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      October 4, 2010

                                              /s/
                                  DORA L. IRIZARRY
                            United States District Judge